(119 App. Div. 852)

## SUFFIN v. SUFFIN.

(Supreme Court, Appellate Division, First Department. June 7, 1907.)

WITNESSES—HUSBAND AND WIFE—PROOF OF MARRIAGE.

In an action for divorce for adultery of the wife, the husband is a competent witness to prove the marriage, as expressly provided by Code Civ. Proc. § 831.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 50, Witnesses, §§ 167–172.]

Appeal from Special Term, New York County.

Action by Phillip Suffin against Ida Suffin for divorce. From a judgment dismissing the complaint, plaintiff appeals. Reversed, with directions.

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, CLARKE, and LAMBERT, JJ.

Morris D. Silverstein, for appellant.

PER CURIAM. This action was brought for an absolute divorce. The complaint alleged that on or about the 15th day of February, 1903, in the city, county, and state of New York, plaintiff and defendant intermarried; that the plaintiff is a resident of the borough of Manhattan, city of New York; that there is one child of the marriage, now in the keeping and custody of the plaintiff; and that on the 8th day of May and on or about the 12th day of May, 1905, at a specific place in the city of New York, the defendant committed adultery with a named co-respondent. The proof shows that the defendant was duly and personally served with the summons and complaint in the city of New York, and that no appearance was made and no answer or demurrer interposed by the defendant, and that her time to appear, answer, demur, and move had fully expired. The case came on for trial at Special Term.

The plaintiff, who, under the provisions of section 831 of the Code of Civil Procedure, was a competent witness to prove the marriage, testified that he was the defendant's husband, and was married in New York in February, 1903, and that there was one boy of this marriage. The plaintiff's mother testified that at the dates specified in the complaint she was residing at 54 Market street, New York City, with her husband, her son, and her son's wife, the defendant, whom she also spoke of as her daughter-in-law and as Mrs. Suffin. One Simon testified that he knew Phillip Suffin and Ida Suffin; that

he had called at their residence, 54 Market street, and saw Mrs. Suffin there and conversed with her. Samuel Suffin, the brother of the plaintiff, testified that on the 15th day of May he was sitting at his brother's house, and that Ida Suffin talked with him over the telephone, who said to him:

"Say, Sam, tell Phillip, if he wants to get a divorce, he can get it, because I am married to Leiboff, and we are going to Canada, and goodbye forever."

He identified a photograph of Mrs. Suffin. The attorney for the plaintiff testified that he had personally served the summons and complaint upon the defendant, whom he had known personally for a number of years, and knew that she was the person mentioned in the summons and complaint. Conclusive evidence of the acts of adultery charged was given. The learned court dismissed the complaint, and filed this memorandum:

"Only evidence of the marriage is the statement of the plaintiff, who testified to a date not corresponding to a marriage contract, not submitted, but found among the papers."

The dismissal of the complaint was clearly erroneous, and the judgment should be reversed, and the case remitted to the Special Term for the entry of a proper judgment on the merits.